Deadbriok, J".,
delivered the opinion of the court.
The bill in this case was filed in the chancery court of Giles county, on the 31st of July, 1867, against the devisees. and legatees of ITenry T. Kimbrough, deceased, who died in 1863, leaving a will. Complainant is his widow, and owned in her own right two small tracts of land, which testator devised to two- of his daughters, who are also her children, as are all the legatees and devisees named in the will.
The bill seeks to have compensation for the exempted property sold by the administrator de bonis non with the will annexed, and also- to have the possession of said two parcels of land restored to her, and the claims of said daughters and their husbands thereto, under the divisions made between them by commissioners, set aside as clouds upon her title.
The will was made in 1858, and provides that complainant should have as much of testator’s land and as many ■ of his negroes and as much of his stock of every description, as she wanted, during her life, and at her death to go to his children. Under this provision she elected to take-, and did take, the possession of the homestead and about 160 acres of land, and all the stock on hand, the *307 negroes having been freed by the events of the war. Other personalty, including some, which, by law, was exempt from execution, was sold by the administrator, as alleged, by consent of the complainant. This consent, as alleged and proved, was procured by the representations made by said administrator that complainant was not entitled to anything more of said personalty than was given to her by the will, and being influenced by his advice and counsel, she acquiesced in the sale of said personalty.
It was held by this court at its December term, 1871, in the MS. ease of Puryear v. Reese, that a widow, whether her husband died testate or intestate, was entitled, under section 2288 of the Code, to all property exempt by law from execution. The same thing was held at the same term in the case of Pride v. Watson, 7 Heis., 232, and also at Jackson, at the April term, 1871, in the case of Blanchard v. Thompson.
Complainant was, therefore, entitled to the exempt property left by her husband at the time of his death, unless her agreement to, or acquiescence in, the sale of it defeated her claim. She made no release of her title to' any one and received no consideration from any source for the surrender of her objections to its sale. Brownlow, the adminTstrator, who had it in possession and held it merely in the character of trustee for her benefit-, influenced and induced her to consent to its sale, under the erroneous impression produced by his representations that she had no right to it. His representations, though made in good faith, had the effect- to mislead her, to her prejudice, and while she may not reclaim the property sold, in specie, we are of the opinion that she is entitled to the proceeds of the sale of such of it as was by law exempt from execution.
It is shown in proof that complainant knew the contents of the will in 1858, when it was first executed, and that in 1863, shortly after the testator’s death, it was read to *308 her, and that she repeatedly expressed herself satisfied with its provisions.
In 1865, the executor having died, she applied to Brown-low and procured his consent to administer, and desired him to- carry out the provisions of the will, expressing her satisfaction with its provisions. And she also desired him to procure commissioners to divide the land, which she now claims as her own, between the two daughters, to whom it was given by the will. And after the division was made, in October, 1865, she expressed herself well satisfied that said two daughters should have the present use and possession of it, and encouraged the husband of one of them to build a house upon his [wife’s] part, although she had a life estate under the will in the land thus divided. She knew also that this land had descended to her from her father, although she did not probably know that her husband did not have the legal right to dispose of it by will, until December, 1866, when so informed by her counsel. In the meantime, however, she had taken possession of such of testator’s lands as she elected to take. She had also claimed, taken and disposed of in part, all the stock left at his death, pursuant to the provisions of the will, and thus had elected to take under the will with full knowledge of all the facts affecting her rights. And having acquiesced in the provisions of the will, and occupying the real and disposing of the personal estate given to her by it, she is bound by such acquiescence as an irrevocable election to accept the provisions of the will. 2 Bedf. on Wills, 752. And this is so, notwithstanding her probable ignorance of the legal consequences of the facts within her knowledge.
The case of Fitts and wife v. Cook, 5th Cushing’s Reports, 596, cited and relied upon by complainant’s counsel, does not sustain the claim set up in complainant’s bill. In that case testator devised the use of one-third of his real estate to his wife, and certain other real estate belonging *309 to her, to his son. The facts showed that the widow and her children all lived together on the land, she attending tc household affairs, the son having charge of all -the farm work and all the lands. The third of the lands had never been set apart to the mother, none of the parties exercising or setting up rights adversely to each other. These facts, it was held, did not estop the widow from asserting claims to her own land. Hut in this case we have the widow selecting and taking adverse possession of lands, claiming them under the will; and under the clause of the will giving her the privilege of taking for her own use as much of the stock as she chooses, she takes, claims and holds all the stock on hand, and sells or disposes of a part of it, thus clearly evidencing her election to avail herself of the provisions made for her by the will of her husband. Tbe chancellor decreed she. had elected to take under the will and was bound by her election, and in this respect his decree will he affirmed. He held also that she was not entitled to the exempted property or the proceeds of its sale. In this particular the decree will be reversed. The cause will he remanded to ascertain what exempt property was sold, and for what price, and for further necessary proceedings in conformity to the principles announced in this opinion.
The costs of the chancery court will be paid as adjudged by the chancellor, and the costs of this court will he paid by the administrator out of the funds of the estate.