McCrae v. McCrae.

McCrae v. McCrae.

(*Nashville.* January 10, 1900.)

HOMESTEAD. *Not defeated by will.*

While a widower with minor children can, by deed, alienate the homestead so as to cut off the right of the children thereto after his death, he cannot accomplish this end by will devising all his lands to be sold to pay his debts.

Cases cited: Caldwell v. Hayes, 1 Shannon, 601; Cowan v. Carson, 101 Tenn., 523.

FROM MONTGOMERY.

Appeal in error from Chancery Court of Montgomery County. J. S. GRIBBLE, Ch.

LEECH & SAVAGE for complainant.

JOHN F. HOUSE for Howerton.

AUSTIN PEAY for Minors.

BEARD, J. The testator of the complainant, being then a widower, made a will in which he directed that the property on which he lived, after his death, should be sold for the payment of his debts. He left surviving two minor children. The present bill was filed to sell this property (it

being all the real estate possessed by the testator) as directed in the will. These minors were among the defendants to the bill, and by their guardian *ad litem* insisted that they were entitled to a homestead in the property. The Court of Chancery Appeals, affirming the Chancellor, sustained this claim, and error is now assigned upon this holding.

That the testator, in his lifetime, after the death of his wife, could have aliened this property so as to have deprived his minor children of a homestead in it, was settled in *Caldwell* v. *Hayes,* 1 Shannon's Cases, 601. But it does not follow that this could be done by the execution of a will. The power of alienation under the conditions stated, if exercised by deed, would have operated at once as a transmutation of title, and this would have been a completed act, during the life of the maker; but it is otherwise with a will. This speaks, whatever its date may be, only from the death of the testator. Code (Shannon), Sec. 3927, and in the present case taking effect then, it encountered the provision of the Constitution which creates a homestead in the minors, and, necessarily, yields to it. This, as far as it is necessary to quote it, is as follows:

"A homestead in the possession of each head of a family . . . shall be exempt during the life of such head of a family, to inure to the

benefit of the widow, and shall be exempt during the minority of their children occupying the same."

This constitutional clause clearly preserves the homestead upon the death of the husband, primarily to the widow, so that, as was held in *Tyner* v. *Stryer*, MS. Op., referred to in *Cowan, McClung & Co.* v. *Carson,* 101 Tenn., 523, though she have minor children, her sole conveyance, will effectually prevent them from asserting any claim to or interest in it as against her alienee. But it also recognizes a right in the minors, which, there being no widow at the death of the "head of the family," is operative at once in their favor, and they become the immediate and complete beneficiaries of this clause, and it serves to secure to them against creditors the homestead as effectually as it would have done for the widow had there been one.

In *Hendrix* v. *Seatom,* 25 S. C., 481 (60 A. R., 520), in dealing with a. question of homestead exemption raised by a widow, as against a devise by her husband of his property to pay his debts, the Supreme Court of that State, in drawing this distinction between a disposition of property *inter vivos* and by will, says: "It seems to us, in respect to this right . . the husband debtor is in a condition somewhat analogous to that of the first taker in a fee conditional after issue born. He has the right in his lifetime to alien by deed, but it is well settled that a devise by him is

not an alienation. If such an alienation do not take
effect in the lifetime of the testator, the estate must
descend to the heirs of limitation *per formam doni."*
That Court then quotes approvingly the following
paragraph from the opinion of Chancellor Johnson in
*Jones* v. *Postell,* Harper, 92: "It is impossible to
mistake the application of the principle if we com-
pare this estate with one held in joint tenancy.
.   .   . A joint tenant, like a tenant of a con-
ditional fee, may alien, forfeit, etc. (Co. Lit.,
180a), and by this means defeat the *jus accres-
cendi,* and yet Littleton says that if one joint
tenant, by testament devise lands held in joint
tenancy, the devise is void, and the reason given
is that no devise can take effect till after the
death of the devisor, and all the land presently
cometh by the law to his companion who surviv-
eth."

This principle is the one which we have ap-
plied in the present case, and it follows that the
decree of the Court of Chancery Appeals is af-
firmed.