MRS. C. H. ROWLETT *v.* JOHN A. ROWLETT et al.

(*Jackson.*   April Term, 1906.)

**WILLS.** Widow is entitled to exempt property without dissenting from will purporting to dispose of all the property.

The widow is entitled to her deceased husband's property exempt by law from execution, although his will purports to dispose of all his property, including such exemptions, and notwithstanding her failure to dissent from the will, as provided by statute, for the reason that such exemptions do not belong to the estate of the deceased husband, as such, and cannot pass under his will, as against the rights of the widow.

Code cited and construed: Secs. 4020, 4023, 4030, 4231 (S.); secs. 3125, 3128, 3135, 3335 (M. & V.); secs. 2285, 2288, 2289, 2294, 2478 (T. & S. and 1858).

Acts cited: 1879, ch. 89.

Cases cited and approved: Curd v. Curd, 9 Hum., 171; Turner v. Fisher, 4 Sneed, 212; Blanchard v. Thompson, at Jackson, April term, 1871; Puryear v. Reese, MS., at Nashville, December term, 1871; Pride v. Watson, 7 Heis., 232; Morris v. Morris, 9 Heis., 814, 821, 822; Kimbrough v. Kimbrough, 1 Tenn. Cas., 305.

Cases cited and distinguished: Bayless v. Bayless, 4 Cold., 359; Williams v. Corson, 2 Tenn. Chy., 269; Williams v. Carson, 9 Bax., 516; Rhea v. Greer, 86 Tenn., 59, 68; Wilson v. Morris, 94 Tenn., 547, 560, 561; McCrea v. McCrea, 103 Tenn., 719; Cooper v. Wright, 110 Tenn., 214; Walker v. Bobbitt, 114 Tenn., 700.

Cases cited: Reid v. Campbell, Meigs, 378, 385; Malone v. Majors, 8 Hum., 579; Paine v. Gupton, 3 Head, 488; Waddle v. Terry, 4 Cold., 51, 55; Waterbury v. Netherland, 6 Heis., 513; Morrow v. Morrow, 3 Tenn. Chy., 532; Williams v. Gray, 1 Cold., 104.

Rowlett v. Rowlett.

FROM WEAKLEY.

Appeal from the Chancery Court of Weakley County. R. T. LEWIS, Special Chancellor.

HALL & BARR, for complainant.

JONES & JONES, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

G. W. Rowlett died in December, 1904, leaving a will containing the following provisions:

The first clause provides for the payment of debts.

The second and third contained the following provisions:

"Second. It is my will and desire that my beloved wife, Cornelia H. Rowlett, have all the real estate of which I may die the owner, to have and use for her support during her life, with remainder to my children and representatives of children that may die before the death of my said wife, such representatives of deceased children to be entitled to the share of such deceased parent.

"Third, I will and direct that my executor hereinafter named shall convert all personal property, except one horse, to be selected by my wife, and as much of the household goods as she may want for her own use, into money, and distribute the money together with such

other as may be on hand, equally between my children, taking their notes therefor with security; to be repaid to him as trustee for the support of my said wife, if she shall need it.    If she should need any part of said amounts, and not all, then each of my said children shall pay an equal amount to make the needed funds.    Said notes are not to bear interest and not to be repaid except for the purposes named, and to provide for the further needs of my said wife in case of long sickness, or other unusual expenses, in case the usufruct of the farm and the repayment of the notes above provided for should be insufficient for the comfortable support, and well being of my said wife, then to meet such unusual expenses and needs, I direct that my said executor sell fifty acres of land I own, known as the Crockett land, which was conveyed to me by the clerk of the county court of Weakley county.    The deed from said clerk, and the records of said court are referred to for description, and he is authorized in the event of such sale, to execute valid deed in fee, with all proper warranties, and in the event of such sale, the surplus of proceeds arising from same, after paying the necessary expenses accompanying the sale, shall be distributed among my children, as provided in the sale of my personal property.

"I have conveyed to all of my children a tract of land, stating in the deeds of conveyance the value of each, some being a little more than others.    These conveyances were considered by me, and intended as advancements to my several children out of my estate, and are to be so

treated in final distribution, at which time I direct that all be made equal, taking the valuations set out in the said deeds, as the real values of the advancements."

John A. Rowlett was made executor.

The executor, understanding the third clause to include all of the personal property, took charge of and sold the exempt personal property and received for these articles in the aggregate the sum of $350.

On the 8th day of July, 1905, the complainant filed her bill to compel the executor, as such, and as trustee, to pay her a sufficient sum of money to live on, to pay debts, and make repairs, etc., and to cover the proceeds of the exempt property.

The executor answered, admitting the sale of the exempt articles, but insisted they passed under the will. He also denied her the right to present maintenance from the funds of the estate, insisting that the realty was or should be sufficient to support complainant.

The chancellor held that complainant was entitled to the maintenance she claimed, and made a decree that $75 should be paid her, and made a reference as to additional allowances. He refused the relief claimed as to the exempt personal property.

His honor held that the will expressly disposed of the exempt property sued for to others than the widow, subject to the trust mentioned therein, and ordered that the complainant's bill, in so far as it sought to recover the exempt personal property or its proceeds, should be dismissed.

From so much of the decree as denied complainant relief in respect of this class of property, she appealed to this court, and has assigned errors.

The errors assigned present the single question arising on the decree of the chancellor, denying the complainant relief in respect of the exempt personal property.

The controversy involves a construction of section 4023 of Shannon's Code.

This section reads as follows:

"The property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of and vested in the widow, without regard to the size or solvency of the estate of the deceased for herself, and in trust for the benefit of the children of the deceased, or of the widow, or of both, and shall not go to the executor or administrator, and in case there be no widow, and the estate be either solvent or insolvent, such property shall be exempt for the benefit of the minor children under fifteen."

The first clause, ending with the words, "executor or administrator," is section 2288 of the Code of 1858, and the last clause, beginning with the words, "and in case," and ending with the words, "under fifteen," is section 2289 of the Code of 1858, as amended by the act of 1879, p. 117, c. 89.

In the case of *Kimbrough* v. *Kimbrough*, 1 Tenn. Cas., 305, it appeared that the testator made a will in 1858, which provided that his widow should have as much of his land, and as many of his negroes, and as much of the

Rowlett v. Rowlett.

stock of every description as she wished during her life, and at her death the property should go to the testator's children.   Under this provision she chose to take, and did take, possession of the homestead and about 160 acres of land, and all the stock on hand, the negroes having been freed by the events of the war.   Other personalty, including some which by law was exempt from execution, was sold by the administrator with the will annexed, as alleged, by consent of the widow.   It was proved, however, that this consent was obtained by representations made by the said administrator that the widow was not entitled to anything more of the personalty than was given to her by the  will, and being influenced by his advice, she acquiesced in the sale.   It is not distinctly stated in the opinion that the will purported to dispose of all of the property of the testator, but this fact is assumed throughout.

Speaking to these facts, the court said:

"It was held by this court at its December term, 1871, in the manuscript case of *Puryear* v. *Reese,* that a widow, whether her husband died testate or intestate, was entitled, under section 2288 of the Code, to all property exempt by law from execution. The same thing was held at the same term in the case of *Pride* v. *Watson,* 7 Heisk., 232, and also at Jackson at the April term, 1871, in the case of *Blanchard* v. *Thompson.* Complainant was, therefore, entitled to the exempt property left by her husband at the time of his death, unless her agreement to, or acquiescence in, the sale of it defeated her

claim. She made no release from any source for the surrender of her objections to its sale. Brownlow, the administrator, who had it in possession and held it merely in the character of trustee for her benefit, influenced and induced her to consent to its sale under the erroneous impression produced by his representations that she had no right to it. His representations, though made in good faith, had the effect to mislead her to her prejudice, and while she may not reclaim the property sold in specie, we are of opinion that she is entitled to the proceeds of the sale of such of it as was by law exempt from execution."

It appears that the foregoing estate was solvent.

In the case of *Pride* v. *Watson,* 7 Heisk., 232, it appeared that the deceased died testate, but the estate was insolvent. The court said:

"The facts agreed on in this case raise the question whether the widow of an insolvent testator, whose estate is being administered under the insolvent laws, is entitled to the same benefits as to property exempt from execution as the widow of an insolvent intestate."

After considering the section of the Code bearing upon the question the court stated its conclusion in the following words:

"In the case before us, upon the death of Pride, the testator, the title to the exempted articles vested in his widow as trustee for herself and the children of the testator. By the concluding words of the section this property should not go to the executor or administrator. This

Rowlett v. Rowlett.

shows that the benefit was intended not only for the widows of those dying intestate but of those dying testate, and also that the benefit was secured without regard to the size or solvency of the estate. . . . The executor had no right to sell the property and appropriate the proceeds to the creditors of the estate."

These authorities show that, under a proper construction of the statute, exempt personal property secured to heads of families and referred to in section 2288 does not belong to the estate of the decedent husband, as such, and cannot pass under his will, and that, in respect of this question, it is immaterial whether the estate be solvent or insolvent.

The same view is supported by the earlier case of *Turner* v. *Fisher,* 4 Sneed, 212.

There indeed appeared in that case a dissent from the will, but it is clear, from a careful reading of the decision, that this fact had no influence upon the disposition made of the exempt property. In *Curd's Adm'r* v. *Curd,* 9 Humph., 171, and *Morris* v. *Morris,* 9 Heis., 814, 821, 822, it did not appear there was any will, but the general proposition was laid down in each case that the exempt personalty did not constitute a part of the estate, but went to the widow at once upon the death of the husband. *Wilson* v. *Morris,* 94 Tenn., 547, 29 S. W., 966, did not deal with the question we have here. There was, it is true, a will in that case which undertook to dispose of all of the testator's property, but provided, in substance,

116 Tenn.—30

that the widow should have the same rights as she would have under the law. The court held that she was entitled under this language, to the exempted articles, to year's support, and to homestead and dower. It is true the will was treated as operative, but since the widow obtained thereunder, or at least in accordance therewith, all the rights she could have enjoyed under the statute, the question arising in the present case did not rise there, and there was no occasion to consider it. *Bayless* v. *Bayless*, 4 Cold., 359, dealt only with the question whether the widow was restricted to the exempted articles "on hand." What was said upon the necessity of dissent from the will in order to obtain such property was said arguendo merely, and is not binding as authority. *Rhea* v. *Greer*, 86 Tenn., 59, 68, 5 S. W., 595, et seq., applies only to year's support, and by the terms of the statute, this special form of exemption can be enjoyed only by the widow of a person dying intestate, or by a widow who dissents from her husband's will. Shannon's Code, section 4020. The following cases referred to by counsel did not deal with exemptions at all, but several of them contain observations upon the right and effect of dissent by a widow from the will of her husband; the kind of property involved consisted of dower, or distributive shares, or both, viz.: *Reid* v. *Campbell*, Meigs, 378, 385; *Malone* v. *Majors*, 8 Humph., 579; *Paine* v. *Gupton*, 11 Humph., 403; *McClung* v. *Sneed*, 3 Head, 217, 223; *Gupton* v. *Gupton*, 3 Head, 488; *Waterbury* v. *Netherland*, 6 Heisk., 513; *Morrow* v. *Morrow*, 3 Tenn.

Rowlett v. Rowlett.

Ch., 532. No correct inference can be drawn from any of these cases upon the rights of a widow in respect of exempt property; none of them dealt with the question, or called for its consideration. In *Waddle* v. *Terry,* 4 Cold., 51, there are some remarks (page 55) concerning the effect of a dissent upon the right to exempt property, but they were obiter; the case did not require any decision of this question and there was none. *Williams* v. *Gray,* 1 Cold., 104, discusses the question of dissent in relation to a peculiar state of facts, but nothing decided in the case has any bearing upon the matter now before us.

We have no case in which it is decided that the property provided for widows under Shannon's Code, section 4023 (Code 1858, section 2288), can be disposed of in a will in such way as to cast upon the widow the necessity of dissenting in order to claim it, although there are dicta, in cases not calling for a decision of the question that indicate such a view. Where the question has directly arisen, the decision has been in accord with our present determination. The same course of decision has prevailed in respect of the homestead right. *Wilson* v. *Morris,* 94 Tenn., 560, 561, 29 S. W., 969, 970; *McCrea* v. *McCrea,* 103 Tenn., 719, 54 S. W., 979.

We have a line of cases (*Williams* v. *Corson,* 2 Tenn., Ch., 269 [s. c., subnom. *Williams* v. *Carson,* 9 Baxt., 516]; *Cooper* v. *Wright,* 110 Tenn., 214, 75 S. W., 1049, and other cases cited therein) holding that an insurance policy payable to executors, administrators, or assigns may be disposed of by will; but in the case last cited it

is held that such property will not pass under a will in the absence of explicit terms showing such to be the purpose of the testator. These cases concerning insurance policies are not in conflict with the other cases which we have cited upon the class of exempt property covered by section 4023 of Shannon's Code. That section explicitly provides that the property therein referred to shall not go to an executor, and this feature of the statute was particularly referred to in *Pride* v. *Watson*, supra. There is no such provision in the statute which grants the exemption of insurance money. Shannon's Code, sections 4030, 4231.

It is insisted that the widow was put to her election because the will purported to dispose of the whole estate; including exempt property; that she took under the will, and was thereby estopped from claiming the exemptions. This is an erroneous view. The same situation was presented in *Kimbrough* v. *Kimbrough*, supra, and the widow was not held estopped as to the exempt property, although she was held estopped as to certain real estate that belonged to her individually, and which the testator undertook to dispose of by his will. It was held that as to this real estate, she was concluded, under the doctrine of election, by her own acceptance under the will; but she was permitted to take the exempt property notwithstanding. Likewise, in the most recent case we have upon the subject, it was held that the doctrine of election does not apply where the testator himself had any interest in the property at the time the will was made.

Rowlett v. Rowlett.

*Walker* v. *Bobbitt,* 114 Tenn., 700, 88 S. W., 327. So, in that case, it was held that, where the testator had an interest by the entireties in certain real estate, and made a will by which he attempted to dispose of the property, that is, of the land itself, the widow was not estopped to claim this land as survivor, although she accepted the other provisions made for her by the will.

On the grounds stated, we are of the opinion that there was error in the decree of the chancellor, and it must be reversed in respect of the special portion thereof appealed from, and remanded for further proceedings.