E. H. CHAMNESS *v.* W. E. PARRISH *et al.*

(*Jackson.* April Term, 1907.)

1. **WILLS.** Widow must elect as between the will and dower within a year.

Where a husband bequeaths to his wife all his personal property absolutely, and devises to her his real estate during her lifetime or widowhood, she is required to make an election within a year as between the provisions of the will and dower.

Code cited and construed: Sec. 4146 (S.); sec. 3251 (M. & V.); sec. 2404 (T. & S. and 1858).

Cases cited and construed: Reid v. Campbell, Meigs, 378; Malone v. Majors, 8 Hum., 577; M'Clung v. Sneed, 3 Head, 224; Waddle v. Terry, 4 Cold., 55.

2. **SAME.** Widow is not required to elect as between the will and her homestead rights, when.

The husband cannot by will deprive his widow of her homestead right guaranteed by the constitution; and where he devises to her all his real estate during her lifetime or widowhood, she will not be put to her election as between the provisions of the will and her homestead right, unless it plainly appears from the will that such was the testator's intention; for this intention will not be implied from such mere devise of the land to her.

Code cited and construed: Secs. 3798, 4023, 4146 (S.); secs. 2935, 3128, 3251 (M. & V.); secs. 2110a, 2114a, 2288, 2404 (T. & S. and 1858).

Constitution cited and construed: Art. 11, sec. 11.

Cases cited and approved: Jarman v. Jarman, 4 Lea, 676; Wilson v. Morris, 94 Tenn., 560, 561; McCrae v. McCrae, 103 Tenn., 719; Rowlett v. Rowlett, 116 Tenn., 459.

FROM McNAIRY.

Appeal from the Chancery Court of McNairy County. —E. L. BULLOCK, Chancellor.

ABERNATHY & ABERNATHY and W. J. LAMB, for complainant.

WOOD & BARNHILL, A. W. STOVALL, and J. C. HOUSTON, for defendants.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

William C. Chamness died in McNairy county in January, 1901, leaving a will in which he names his wife, Mary A. Chamness, executrix. The will was probated in common form January 25, 1901, before the county court. The entry showing the probate of the will states: "It is further ordered that Mary A. Chamness, his widow, be allowed the privilege of qualifying as executrix of said will without bond." The third clause of the will is as follows: "I will and bequeath to my wife, Mary A. Chamness, all my estate, both personal and real estate. The real estate is to remain and be in her possession during her life, or as long as she remains a widow, or, in case of her death or marriage,

then and in that event the said real estate is to become the property of my two grandchildren, William T. and Bruce C. Chamness, both citizens of Conway county, Arkansas, and my brother, Ephraim Chamness, of Mc-Nairy county, Tennessee, to be equally divided between the above-named two grandchildren and my brother, Ephraim Chamness."

The widow, Mary A. Chamness, went into possession of the whole estate, real and personal. Under the will the personal estate was hers absolutely. She remained in possession of the real estate until June 24, 1905, when, upon her application, commissioners were appointed by the county court, who set aside to her homestead and dower in the real estate of her husband. The homestead includes a house and lot at Bethel Springs, where the testator lived at the time of his death, and a portion of 427 acres of land; the two valued at one thousand dollars. The dower includes the remainder of the tract, valued at two hundred dollars. This left, outside of the homestead and dower, a livery stable, valued at four hundred dollars.

A day or two after the confirmation of this report of the commissioners the widow, Mary A. Chamness, married W. E. Parrish. Both of the grandchildren, mentioned in item 3 of the will above, died before the testator; one of them leaving a child, Willie Chamness, a minor, who is the only lineal descendant of the testator.

The bill is filed by the brother, Ephraim H. Cham-

ness, the devisee in the clause of the will above set out, against W. E. Parrish and wife and Willie Chamness, setting out the above facts, praying for a construction of the will; that further proceedings in the county court relative to the estate of W. C. Chamness be enjoined; that the action of the county court appointing said commissioners be set aside and declared void; and that complainant and Willie Chamness be decreed the real estate devised under the will.

Defendants Parrish and wife demur to the bill on the grounds, first, that the two devisees, William T. and Bruce Chamness, having died before the testator, he was, therefore, intestate as to two-thirds of said land, and that Mrs. Parrish was entitled to homestead and dower in this two-thirds; second, that testator was not the owner of the homestead right of his wife in the lands, and he had no power by will or othewise to limit her homestead to any period of time less than during her life.

The chancellor overruled the demurrer, allowing defendants to rely thereon in the answer, which is done. Upon final hearing, the chancellor was of opinion that the widow had elected to take under her husband's will, and by her subsequent marriage to Parrish, her right to the real estate devised to her by it for life or widowhood terminated; and complainant is given a decree for one-third of the real estate devised by the will, the other two-thirds to go to the minor defendant Willie Cham-

ness.   Defendants Parrish and wife have appealed, and assign errors.

After paying the burial expenses and erecting a tombstone, the personal estate amounted to about $240, which the widow received.   In addition to the homestead and dower set apart to her, the real estate consisted of a livery stable, valued at four hundred dollars.   It appears that there were no debts against the estate, and that it is solvent.   The case thus presents the question as to whether the doctrine of election applies, under the facts above stated, to the widow with regard to her homestead.   The demurrer confines the question alone to homestead.

By the will of the husband, she is given absolutely all his personal estate.   Under the statute of distribution, had he died intestate, she would have been entitled to one-half of this; he having left surviving him one descendant.   She would also have been entitled to homestead and dower in his real estate, which would have left to the heir the livery stable, valued at four hundred dollars.   Had she dissented from the will, she would have received her homestead and dower and one-third of his personal estate.

Shannon's Code, sec. 4146:

"A widow may dissent from her husband's will:   (1) When a satisfactory provision in real or personal estate is not made for her, in which case she shall signify her dissent in open court within one year after the probate of the will; (2) when a provision in personal estate is

made for her, but the whole of the husband's property, including the bequest, is taken for the payment of his debts, in which case, without any formal dissent, she may sue for her dower. And in both cases she shall be endowed as if her husband had died intestate."

The above are the provisions of the Code of 1858, sec. 2404. Prior to the first act on the subject (chap. 22, sec. 8, Acts 1784), and at common law, it was held in *Reid* v. *Campbell*, Meigs, 378, that the widow was not put to her election between a testamentary provision and her dower, unless such provision was made, expressly or by necessary implication, in lieu or satisfaction of dower. But by the act, any provision for the wife in her husband's will, either out of the real or personal estate, puts her to her election as to dower, which must be made within six months (as was the first limitation on the subject) after the probate of the will, or she will be barred by its provisions.

This is the first adjudication on the subject; and to the same effect are *Malone* v. *Majors,* 8 Humph., 577; *McClung* v. *Sneed,* 3 Head, 224; *Waddle* v. *Terry,* 4 Cold., 55.

In *Jarman* v. *Jarman,* 4 Lea, 676, it is said: "By our law, the homestead vests in the husband and wife jointly, and is a life estate. Upon the death of either, it vests in the survivor. Neither has the right to dispose of it, except with the consent of the other, by will or otherwise, and then only in the mode prescribed by statute. The right of the wife is fixed during coverture,

and is only lost by her voluntary alienation or abandonment, or by her death."

In *McCrae* v. *McCrae*, 103 Tenn., 719, 54 S. W., 979, it is held that, while a widower with minor children can alienate his homestead by deed, so far as to cut off the right of his children thereto after his death, he cannot accomplish this end by will devising all his lands to pay debts.

In *Rowlett* v. *Rowlett*, 116 Tenn., 459, 95 S. W., 821, the will of the husband disposed of his whole estate, devising all his realty to his wife for life, with remainder to his children. He directs that all his personal property, except a horse and household goods to be selected by his wife for her own use, be converted into money and divided among his children, they executing notes therefor to his executor, as trustee, to be held by him as resources out of which to raise a support for his wife, if she should need it. In that event, the children should contribute equally for this purpose. The executor sold the exempt personal property, among other personal property, as directed by the will. The widow filed her bill to have the executor, as such and as trustee, account to her for the value of this exempt property.

The court, in an opinion by Mr. Justice Neil, reviews a number of the authorities bearing on the question, and says: "These authorities show that, under a proper construction of the statute, exempt personal property, secured to heads of families and referred to in section 2238 (Shannon's Code, sec. 4023), does not belong to

the estate of the decedent husband as such, and cannot pass under his will, and that in respect of this question, it is immaterial whether the estate be solvent or insolvent."

It is further said (page 467): "We have no case in which it is decided that the property provided for widows under Shannon's Code, sec. 4023 (Code of 1858, sec. 2288), can be disposed of in a will in such way as to cast upon the widow the necessity of dissenting in order to claim it, although there are dicta in cases not calling for a decision of the question that indicate such a view. Where the question has directly arisen, the decisions have been in accord with our present determination. The same course of decision has been prescribed in respect of the homestead right. *Wilson* v. *Morris,* 94 Tenn., 560, 561, 29 S. W., 969, 970; *McCrae* v. *McCrae,* 103 Tenn., 719, 54 S. W., 979."

And it is held that although liberal provisions were by the will made for the widow, much more than the law would have given her, and the will purported to dispose of the whole property, including the exempt property, and that she took under the will, she was not put to her election, and was not estopped from claiming the exemptions.

The language of the constitution (article 11, sec. 11) is as explicit in throwing safeguards about the homestead, as is the statute with regard to exempt property: "A homestead in the possession of each head of a family and the improvements thereon, to the value in all of

one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of the children occupying the same. Nor shall said property be alienated without the joint consent of husband and wife when that relation exists."

The same principle, held in *Rowlett* v. *Rowlett*, supra, to apply to exempt property, should apply with equal or greater force to the homestead right. The latter is a right guaranteed by the constitution, and the construction by the court in its favor has been liberal. The husband cannot deprive the wife thereof by deed, unless it be with her express consent; and by statute (Shannon's Code, sec. 3798), this consent can be evidenced only "by conveyance duly executed as required by law for married women." He cannot deprive her of this right by will; and by provisions of his will in her favor, she will not be put to her election, unless it plainly appears therefrom that such was his intention. This intention will not be implied from a mere gift to her by the will.

The right to dower stands upon a different principle. Under Shannon's Code, sec. 4146, and the authorities above cited construing the same, after having accepted under the will, and failing to dissent therefrom within one year, she will not be permitted to claim dower.

It results that the decree of the chancellor is reversed, as far as the homestead of defendant Mrs. Mary A. Parrish is concerned, and affirmed as far as the dower

is concerned.   The cause will be remanded to the chancery court for further proceedings in accordance with this opinion.   The costs of this court and of the chancery court up to this time will be paid one-half by complainant and one-half by W. E. Parrish and wife; the costs hereafter to accrue to be adjudicated by the chancellor.