## WILKEY *et al. v.* WILKEY.[*]

## (*Knoxville.*   September Term, 1914.)

1. **HOMESTEAD. Persons entitled.   "Head of family."**

Where a husband and wife owned land as tenants by the entireties, the wife, after the husband's death, was entitled to a homestead exemption as against her debts incurred after the husband's death, since upon the death of the husband there was effected a change in the right of the possession awarded by the common law to the husband, and an estate absolute was vested in the wife, and she was the "head of a family" as to her estate, within the constitutional provision that a homestead in the possession of each head of a family shall be exempt during the life of the head of the family. (*Post, pp.* 431, 432.)

Cases cited and approved: Jackson v. Shelton, 89 Tenn., 82; Manufacturing Co. v. Collier, 95 Tenn., 115.

2. **HUSBAND AND WIFE.   Tenancy by the entirety.   Nature of survivor's interest.**

Upon the death of a husband, the wife holds land, which was vested in them as tenants by the entireties, as survivor in own right, and not under or by inheritance from the husband. (*Post, pp.* 432, 433.)

Cases cited and approved:   Taul v. Campbell, 15 Tenn., 330; Ex parte Brien, 2 Tenn. Ch., 33; Smith v. Wright, 13 Tex. Civ. App., 480; Pendergast v. Heekin, 94 Ky., 384; Wike v. Garner, 70 Am. St. Rep., 111.

Case cited and distinguished:   McCrae v. McCrae, 103 Tenn., 719.

3. **HOMESTEAD.   Persons entitled.   Minor children.**

Under the constitutional provision giving a homestead exemption to each head of a family, to inure to the benefit of the

---

[*]The question whether the wife is the head of the family under homestead or exemption statute is treated in a note in 51 L. R. A. (N. S.), 1121.

As to the right to homestead exemption in land held under estate by entireties, see note in 30 L. R. A., 313.

Upon the rights acquired in homestead by survivorship, see note in 4 L. R. A. (N. S.), 390.

widow, and to be exempt during the minority of their children occupying the homestead, where a husband and wife owned land as tenants by the entireties, their minor children, after the death of the surviving wife, were entitled to a homestead exemption as against debts of the wife incurred after the husband's death, as the wife was the head of the family after the husband's death, and the minors on her death became immediate and complete beneficiaries of the constitutional provision. (*Post, pp.* 433, 434.)

### FROM RHEA.

Appeal from the Chancery Court of Rhea County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— ERVIN L. DAVIS, Judge.

J. B. SWAFFORD, for plaintiff.

B. G. McKENZIE and W. L. GIVENS, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The question raised by the petition for *certiorari* in this cause is: Where title to realty is by deed vested in a husband and wife as tenants by entireties, and the husband dies, are the surviving wife and the minor children of both entitled to homestead as against the debts of the wife incurred after the husband's death?

We hold that such right exists.

Whatever may have been said of the soundness of the decision in *Jackson* v. *Shelton,* 89 Tenn., 82, 16 S.

W., 142, 12 L. R. A., 514, to the effect that the husband is, during the life of both spouses, entitled to the homestead exemption against his creditors, we think it clear that upon the death of the husband there is effected a change in the right of possession, which the common law awarded to the husband (*Manufacturing Co.* v. *Collier,* 95 Tenn., 115, 31 S. W., 1000, 30 L. R. A., 315, 49 Am. St. Rep., 921), and such a change, by enlargement, in "the properties of the person holding the originally granted estate," as that an estate absolute is found vested in the wife. In such estate, where the unshared title and complete user is thus first lodged in her, the wife, if deemed the head of a family, may be awarded the homestead exemption, as against her own debts, without the embarrassments encountered in *Jackson* v. *Shelton,* supra.

The wife holds, after the termination of the tenancy by entireties for life, as survivor, and not under or by inheritance from her deceased spouse. *Taul* v. *Campbell,* 7 Yerg. (15 Tenn.), 330, 27 Am. Dec. 508. She takes the property as wife, in her own right, and not derivatively as widow. Therefore the exemption applies as against her own indebtedness so incurred.

On the death of the husband, the wife must be treated as the "head of a family," within the meaning of the constitutional provision for homestead, as to such estate, as she is held to be in respect of an estate in realty allotted to her as dower (*Ex parte Brien,* 2 Tenn. Ch., 33) ; or in respect to an estate in realty acquired by her after the husband's death (*Smith* v.

*Wright,* 13 Tex. Civ. App., 480, 36 S. W., 324; *Pendergest* v. *Heekin,* 94 Ky., 384, 22 S. W., 605; notes to *Wike* v. *Garner,* 70 Am. St. Rep., 111; 21 Cyc., 469).

The circuit judge determined the case against the minor children, as claimants following their mother's death, on the ground that there is no provision for children taking homestead otherwise than derivatively from the father, and then through his widow, their mother, and cannot take here, because they claim under the mother as first taker.

The constitution provides that "a homestead in the possession of each head of a family . . . shall be exempt during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same," and creates a homestead right in the minors (*McCrae* v. *McCrae,* 103 Tenn., 719, 54 S. W., 979), subject to the qualifications in that case stated. And this though there be no widow at the death of "the head of the family." In the case at bar the wife was the head of the family, and the minors on her death became immediate and complete beneficiaries of the constitutional clause quoted. *McCrae* v. *McCrae,* supra.

It should be noted that the realty referred to is all that was owned at his death by husband and wife, or either, and is of value less than $1000.

The circuit judge denied to the claimants the right of homestead. That judgment was reversed by a divided bench in the court of civil appeals. Agreeing

130 Tenn. 28

with the result reached by the last-named court, we, for reasons stated by us, affirm the same, and remand the cause for further proceedings.