Maples *v.* Staub *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

H. N. Camp, Jr., of Knoxville, for appellant.

Donaldson & Montgomery, of Knoxville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Complainant below, who married Girtus L. Maples on the 2d day of October, 1927, filed this bill to assert al-

leged homestead rights in real estate on which she resided with her husband on the filing of the bill, which, before his marriage to complainant, had been conveyed by Girtus L. Maples, at that time a widower, on the 10th day of May, 1926, to a trustee to secure his certain indebtedness, evidenced by two notes of $1,000 each, and which, since said marriage, had been sold under said trust deed to the defendant Staub. The theory of the bill appears to be that homestead rights in this property accrued to complainant by virtue of this marriage, despite alienation of the property by Girtus L. Maples at a time when he was single.

The constitutional homestead exemption, section 11 of article 11, is relied on, providing, "Nor shall said property be alienated without the joint consent of the husband and wife *when that relation exists.*"

The chancellor dismissed the bill after a hearing on bill and answer, and complainant appeals. We find no error.

We have italicized in the foregoing quotation from the Constitution the modifying language which is determinative against the contention made for the appellant. The provision against alienation has application to an alienation made when the relationship of husband and wife is at that time existent. Repeatedly this court has coupled this modification with its statement of the constitutional exemption in question. For example, see *Beeler* v. *Nance,* 126 Tenn., 589, 592, 150 S. W., 797. And see numerous cases cited in Shannon's note, section 30, under this section, reading, "The homestead can be conveyed only by the joint deed of the husband and wife . . . where that relation exists," which is equivalent by clear implication to saying that the joint deed is unnecessary where that relation does not exist. And this has been

the general usage and practice. While the point has never been directly adjudicated, this is probably because it is for the first time now raised. Certainly no case has been found intimating that a single man may not bindingly alienate his real estate to the exclusion of homestead rights of a wife to whom he may subsequently become married.

It has been held, consistently with the views we express, that a widower may by deed in his lifetime alienate his real estate and deprive his minor children of a homestead in it, although he may not do this by will. *McCrae* v. *McCrae*, 103 Tenn., 719, at page 720, 54 S. W., 979; *Chamness* v. *Parrish*, 118 Tenn., 739, at page 745, 103 S. W., 822. It would seem conclusively to follow that a widower *without* minor children might do likewise.

While it appears from the bill herein that Maples was "a widower" at the time he conveyed this property, it does not appear that he was the "head of a family," and "no one, not the head of a family, is entitled to the benefit of the exemption laws." *Denny* v. *White*, 2 Cold., 283, 286, 88 Am. Dec., 596. No homestead rights existed whatever, and it would seem too plain for dispute that the rights of his vendee became fixed as of that time and by the conditions then existing.

It appears that Maples executed renewal notes for the same debt after his marriage to appellant. But since she acquired no homestead rights as against the vendee under Maples' original conveyance, or against the defendant purchaser at the sale by the trustee, this is not a matter of which she may be heard to complain.

The decree of the chancellor is affirmed.