IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| VICTORIA NGOZI ANENE | ) | HAMILTON COUNTY |
| | ) | 03A01-9511-CV-00387 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. WILLIAM L. BROWN, |
| | ) | JUDGE |
| | ) | |
| JOHN NNAMDI ANENE | ) | |
| | ) | |
| Defendant-Appellant | ) | AFFIRMED AND REMANDED |


JOHN R. MELDORF, III, OF HIXSON FOR APPELLANT

PHILLIP C. LAWRENCE OF CHATTANOOGA FOR APPELLEE


O P I N I O N


Goddard, P.J.


        The Defendant, John Nnamdi Anene appeals a judgment of the Circuit Court of Hamilton County granting Victoria Ngozi Anene's petition for divorce and awarding her custody of their three minor children.  Mr. Anene raises five issues on appeal, two of which are jurisdictional.  (See appendix.)  As to the jurisdictional issues, we find that the Circuit Court of Hamilton was correct in assuming jurisdiction to hear both the divorce and

custody issues.  We find the remaining issues to be without merit.

John and Victoria Anene are citizens of Nigeria.  they were married in a traditional ceremony in Nigeria and later married in a church ceremony in Arizona on May 29, 1982.  At that time Mr. Anene was pursuing a Ph.D. at Arizona State and Ms. Anene was pursuing medical studies in Nigeria.  After completing her studies, Ms. Anene moved to the United States, at which time she bore the first of the parties' three children, Victoria.  Ms. Anene later returned to Nigeria to become licensed to practice medicine there.

Upon receiving her license, Ms. Anene returned to the United States to join her husband in Arizona.  Mr. Anene had recently received his Ph.D. but was unable to find employment. The parties lived on public assistance for one year.  During this time, the parties second child, Marilyn, was born.  Also during this time, Ms. Anene entered a shelter and remained there for about a month in order to avoid her husband's abusive conduct.

In 1989, Mr. Anene obtained a one-year contract to work for Colgate University in Hamilton, New York.  Ms. Anene began a pediatric residency program in New York City.  The parties lived apart and the children lived with Mr. Anene.  Thereafter, Ms. Anene gave birth to the parties third child, Dominic.  Mr. Anene's contract for employment with Colgate University was not

renewed. Thereafter, Ms. Anene abandoned her residency and the parties returned to Arizona.

In 1991, Mr. Anene secured employment in the political science department at Mississippi State University in Starkville, Mississippi. In June 1992, Ms. Anene began a pediatrics residency program in Chattanooga. Ms. Anene intended to take her children with her to Chattanooga to live with her while pursuing her residency but Mr. Anene would not allow it. While living in Chattanooga, Ms. Anene traveled to Starkville several times to visit her children.

In 1993, Ms. Anene filed for divorce and custody of the children in Mississippi. Mr. Anene had lost his job with Mississippi State University. The Mississippi Court dismissed the case after Mr. Anene had moved to Chattanooga with the children and was reunited with Ms. Anene in July of 1993. Upon his arrival in Chattanooga, Ms. Anene leased a duplex for herself and her family. While they were living together Mr. Anene continued his pattern of incessant talking and forcibly required Ms. Anene to have sexual intercourse with him. On December 30, 1993, Ms. Anene sought an order of protection and filed the action from which this appeal arises.

There was testimony at trial that establishes a long pattern of abuse by Mr. Anene against Ms. Anene. There was testimony that Mr. Anene forced himself upon her sexually, and

physically abused her during the later stages of her pregnancy. He would also talk to her incessantly, causing her to lose sleep. The testimony suggests that this pattern of conduct by Mr. Anene lasted from the time the parties first lived together in Arizona until Ms. Anene filed for a protective order in the Hamilton County Circuit Court.

The Trial Judge granted the divorce and awarded sole custody to Ms. Anene. Regarding the custody issue, the Trial Judge specifically found that Mr. Anene's efforts to create the impression that Ms. Anene abandoned her children were incredible. Rather, the Trial Judge found that Mr. Anene had created an intolerable home life for Ms. Anene to the extent that she was forced to leave. The Trial Judge found that Ms. Anene was away from her children during some time periods in order to pursue her educational endeavors, but she always maintained contact with the children. Further, the Trial Judge found that any efforts to see or regain possession of the children were thwarted by Mr. Anene. Also, based on prospective employment opportunities and Mr. Anene's past job history, Ms. Anene appeared to be the parent more capable of providing for the children.

Mr. Anene asserts that the Trial Court erred in finding that it had subject-matter jurisdiction over this case. Jurisdiction of the Trial Court in divorce cases is wholly governed by statute and is limited to that which is expressly conferred by statute. <u>Turner v. Bell</u>, 198 Tenn. 232, 279 S.W.2d

4

71 (1955), *cert. denied* 350 U.S. 842, 76 S.Ct. 83; Page v. Turcott, 179 Tenn. 491, 167 S.W.2d 350 (1943). Tennessee courts may grant a divorce where the person seeking the divorce is a bona fide resident of Tennessee when the acts complained of were committed or, if the acts complained of were committed outside Tennessee, if the plaintiff has resided in Tennessee for six months prior to filing the complaint for divorce. T.C.A. 36-4-104.

Mr. Anene asserts that the Trial Court did not have jurisdiction to hear Ms. Anene's complaint for divorce because Ms. Anene never established that she was a bona fide resident of Tennessee when the acts complained of were committed, nor was she a resident of Tennessee for six months prior to filing her complaint. Ms. Anene asserts that she has been a resident of Hamilton County, for a period longer than six months prior to the filing of the divorce complaint and that the acts complained of occurred in Tennessee. Thus, the interpretation of the term "residence" is of critical importance in determining whether the Trial Court had jurisdiction to hear this matter.

Mr. Anene argues that although she resided in Hamilton County, Ms. Anene was never domiciled there. As used in T.C.A. 36-4-104, Tennessee courts have interpreted the term "reside" to mean domicile. Wiseman v. Wiseman, 216 Tenn. 702, 393 S.W.2d 892 (1965); Snodgrass v. Snodgrass, 49 Tenn. App. 607, 357 S.W.2d 829 (1962). The term domicile means the place where

5

one is, as well as the place where one intends to remain. Residence refers to the place where one is. One may have many residences but only one domicile. Mere intent to make a particular place one's residence is insufficient to establish domicile. An appropriate action harmonizing with intent is necessary. Brown v. Hows, 163 Tenn. 178, 42 S.W.2d 210 (1931).

Ms. Anene is a citizen of Nigeria. She refers to Nigeria as "home." However, Ms. Anene has offered no proof that she intends to return to Nigeria permanently in the future. In her testimony, Ms. Anene stated that she has options other than returning to Nigeria after the expiration of her visa. Further, Ms. Anene took steps which manifested her intent to remain in Hamilton County. She enrolled and participated in a pediatric residency program and moved into a duplex with her family. Coupled with her presence in Hamilton County, we find that these acts are sufficient to exhibit the intent required to establish domicile. Thus, we hold that the Trial Judge was correct in finding jurisdiction under the statute.

Next, Mr. Anene argues that the Trial Court erred in assuming jurisdiction over the parties' minor children. Relying on T.C.A. 36-6-203(a)(1), he asserts that the Trial Court did not have jurisdiction to decide the custody matters involved in this case because Tennessee was not the "home state" of the children for at least six months prior to the commencement of the proceeding.

6

However, the statute allows a Tennessee court to have jurisdiction over custody matters even when Tennessee was not the home state of the child for a period of six months preceding the commencement of the proceedings. T.C.A. 36-6-203(a)(2) grants jurisdiction to a Tennessee court to hear child custody matters where no state has jurisdiction or where the child's home state has declined to exercise jurisdiction on the ground that Tennessee is the more appropriate place to determine custody issues and at least one of the contestants has a significant connection to Tennessee. We find that there is substantial evidence in Tennessee to determine the custody issues and it is appropriate for a Tennessee court to assume jurisdiction.

Prior to moving to Chattanooga, the parties lived in Mississippi. Ms. Anene filed for divorce in Mississippi. The Mississippi court dismissed the cause after finding that "the parties are living in the same residence in the State of Tennessee, that the parties resumed a family relationship in Tennessee in July, 1993, and that the parties now have no significant contacts with the State of Mississippi." Mr. Anene does not assert that any state other than Mississippi has jurisdiction. Thus, in accordance with the express language of the statute the Trial Court was correct in finding that it had jurisdiction to try the question of custody.

Next, Mr. Anene asserts that the Trial Court erred in awarding custody to Ms. Anene. The findings of the trial court

7

shall be _de_ _novo_ upon the record of the trial court and are accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Rule 13(d), Tennessee Rules of Appellate Procedure. Absent an error of law, we must affirm unless the evidence preponderates against the findings of the trial court. _Griffin v. Stone_, 834 S.W.2d 300 (Tenn.App.1992). Further, the award of custody is in the discretion of the trial court and, on appeal, great weight will be granted to the findings of fact and credibility. _Edwards v. Edwards_, 501 S.W.2d 283 (Tenn.App.1973).

Mr. Anene asserts the fact that he was the primary caregiver of the children during the marriage as his basis for overturning the finding of the Trial Judge on this issue. While it is true that Ms. Anene was not always the primary caregiver of the children, the evidence supports Ms. Anene's assertion that she was forced away from her children by Mr. Anene's abusiveness and was kept away from them by Mr. Anene's obstructionist tactics. We find that Ms. Anene's assertions are clearly supported in the record. The facts do not preponderate against the findings of the Trial Judge and this issue is found in favor of Ms. Anene.

Mr. Anene's fourth issue complains that the Trial Judge erred in excluding evidence which his counsel contends had been stipulated to prior to trial by Ms. Anene's previous counsel.

8

During trial, Ms. Anene's new counsel objected to the admission of the stipulated evidence and was sustained.

The evidence in question is Exhibit 13, introduced for identification only, which is an unauthenticated New York court order dismissing a petition for child abuse as to one of their daughters which Ms. Anene had instituted against Mr. Anene.

We first note that absent extraordinary circumstances, stipulations made by the parties, whether before or during trial, or by a previous or current counsel, would be admissible in evidence. We observe in the present case, however, there is nothing in the record which we have found to show such a stipulation was made. Instead, there is the acknowledgment by Ms. Anene that during her discovery deposition she had the petition dismissed. She freely admitted this fact in her testimony at trial. Thus, even if there had been such a stipulation, we can find no prejudicial error by refusing to admit the court order, which would be only cumulative evidence.

Mr. Anene's final issue asserts that the Trial Judge erred in denying his request for attorney fees and costs. The decision to award attorney fees is within the discretion of the trial court. The decision of the trial court as to attorney fees will not normally be disturbed on appeal absent a clear showing of abuse. Aaron v. Aaron, 909 S.W.2d 408 (Tenn. 1995). Mr. Anene has made no such showing.

9

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below.  Costs of appeal are adjudged against Mr. Anene.


_____
Houston M. Goddard, P.J.

CONCUR:


_____

Herschel P. Franks, J.


_____

Don T. McMurray, J.

11