THE FIRST NATIONAL BANK OF MEMPHIS, EXECUTOR OF THE ESTATE OF FREDERICK G. PROUTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89423. Promulgated May 29, 1940.

*John B. Snowden, II, Esq.*, for the petitioner.
*Frank M. Thompson, Jr., Esq.*, for the respondent.

1300

OPINION.

TURNER: The petitioner contends that part of the proceeds of the eight insurance policies here in question, to the extent of $40,000, should be excluded from the gross estate under the second clause of section 302 (g) of the Revenue Act of 1926, as amended.[1] It is argued that under the laws of Tennessee the executor had no right to or interest in the proceeds of the policies which could be used for the purpose of paying the debts of the decedent or costs of administrating his estate; that the entire proceeds of the policies inured to the benefit of the widow and daughter of the decedent; that the proceeds were not "receivable by the executor" within the meaning of the first clause of section 302 (g), *supra;* and that it is therefore entitled to the $40,000 exemption provided for in the last clause of that section as proceeds "receivable by all other beneficiaries." It relies on *Julia S. Lucky et al., Executrices*, 2 B. T. A. 1268, and *Commissioner* v. *Jones*, 62 Fed. (2d) 496, which it contends decided this same question for the taxpayers.

The first contention of the respondent is that the *Lucky* and *Jones* cases are not controlling here because they involved the construction of section 402 of the Revenue Act of 1921 and section 302 of the Revenue Act of 1924, respectively, whereas the present case involves the interpretation of section 302 of the Revenue Act of 1926, which latter

---

[1] SEC. 302. The value of the gross estate of decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible of intangible, wherever situated—

\*     \*     \*     \*     \*     \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

act changed the prior acts by eliminating the exemption previously allowed in cases of this kind. Section 402 (f) of the Revenue Act of 1921 and section 302 (g) of the Revenue Act of 1924 are identical with section 302 (g) of the Revenue Act of 1926. The change referred to by the respondent involves section 402 (a) of the Revenue Act of 1921 and section 302 (a) of the Revenue Act of 1924, which were identical and provided as follows:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

With respect to the change referred to, the respondent points to the fact that the limitations contained in the above quoted provision (requiring that property, in order to be includable in the decedent's estate, be subject to the payment of charges against his estate, to the expenses of its administration, and to distribution as part of his estate) were eliminated from the corresponding section of the Revenue Act of 1926, which simply provided that the gross estate should include all the property: "[SEC. 302.] (a) To the extent of the interest therein of the decedent at the time of his death."

In support of his contention that this change in the 1926 Act was made for the purpose of eliminating the $40,000 exemption previously allowed in cases of this kind (*Lucky* and *Jones* cases) the respondent quotes from the pertinent report of the House Ways and Means Committee as follows (69th Cong., 1st sess., Report No. 1, p. 15):

Section 302. Under existing law the gross estate is determined by including the interest of the decedent at the time of his death in all classes of property which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as a part of his estate. In the interest of certainty it is recommended that the limitating language above referred to shall be eliminated in the proposed bill, *so that the gross estate shall include the entire interest of the decedent at the time of his death in all the property.* [Italics supplied.]

With further reference to the $40,000 exemption allowed in the *Lucky* and *Jones* cases, it is the contention of the respondent that the above mentioned limitations contained in section 402 (a) of the Revenue Act of 1921 were read into section 402 (f) of that act by this Board in the *Lucky* case, and that the same limitations contained in section 302 (a) of the Revenue Act of 1924 were likewise read into section 302 (g) of that act by the Circuit Court of Appeals in the *Jones* case. In other words, the respondent contends that the test applied by this Board and the Circuit Court, in deter-

mining whether the insurance was receivable by the executor, was whether such insurance was subject to the debts of the estate and was to be distributed by the executor as part of the estate, which limiting language was borrowed from sections 402 (a), *supra*, and 302 (a), *supra*. Therefore, argues the respondent, since these limitations have been eliminated from section 302 (a) of the Revenue Act of 1926, this act no longer requires that property of the decedent, in order to be includable in his estate, be subject to his debts and be distributed as part of the estate, and such limitations no longer apply in the construction of section 302 (g) of the Revenue Act of 1926. He contends that the committee report above quoted shows that Congress intended that under the 1926 Act all the property of the decedent, including the entire proceeds of insurance policies payable to his executor or estate, should be included in his gross estate irrespective of whether the law of his domicile subjected such proceeds to the debts of his estate and regardless of how the executor ultimately distributed such proceeds.

The second contention of the respondent is that the *Lucky* and *Jones* cases are distinguishable from the present case. The distinction pointed out is that in those two cases the proceeds from the insurance policies passed directly to the widow and children of the decedent under the laws of distribution of Tennessee, whereas in the present case the proceeds of the insurance policies passed under and in accordance with the provisions of the decedent's will. More specifically, he points out that in the *Lucky* case the decedent provided in his will that "my life insurance shall not pass under this will but under the statutes of this state", and that in the *Jones* case the proceeds of the insurance policies were likewise distributed under and in accordance with the statutes of the State of Tennessee. Therefore, argues the respondent, it can not be successfully contended that the above mentioned laws of Tennessee have any bearing on the question presented in the present case.

We have then a direct conflict in the views of the parties as to the applicability of the *Lucky* and *Jones* cases and the question resulting from that conflict is whether by operation of the Tennessee statute it may be held on the facts here that the proceeds of the insurance policies were receivable by "other beneficiaries", the decedent's widow and daughter, and were not therefore receivable by the executor of the decedent's estate within the meaning of section 302 (g), *supra*. By the terms of the insurance contracts themselves the proceeds of the policies were payable to decedent's executor. Section 8456 of the 1932 Tennessee Code provides, however, as follows:

Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money

thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband.

In *Harvey* v. *Harrison*, 89 Tenn. 476; 14 S. W. 1085, the Supreme Court of Tennessee attributed two purposes to the provision of the code just quoted. The first, designated as the primary purpose, was to exempt life insurance from the claims of creditors, and the second, described as the secondary purpose, was to provide for its disposition. The husband still has the power, however, to dispose of the insurance during his lifetime or by will, and with respect to the secondary purpose the statute does not become operative where by use of apt words an intention to dispose of the proceeds of such insurance by will is clearly indicated. *Chrisman* v. *Chrisman*, 141 Tenn. 424; 210 S. W. 783. In that case the court said:

These sections of the Code [4030 and 4231] being section 3 of chapter 216 of the Acts of 1845-46, have been construed by this court in numerous cases wherein creditors have sought to have satisfaction of their claims out of the proceeds of life insurance, and it has been consistently held that the act in no wise limited the authority of the husband to control policies of insurance upon his life where the same are payable to his estate—such insurance is the property of the husband and subject to his disposition either during his lifetime or by will. *Rison* v. *Wilkerson*, 35 Tenn. (3 Sneed.) 569; *Williams* v. *Carson et al.*, 68 Tenn. (9 Baxt.) 516; *Nashville Trust Co.* v. *First National Bank*, 123 Tenn. 617, 134 S. W. 311.

It is likewise decided by our cases that, notwithstanding the absolute control and authority of the husband over policies of insurance on his life made payable to his estate, the proceeds of the same do not pass by will in the absence of the use of apt words used therein clearly indicative of such intention, but goes to those entitled, by virtue of the provisions of the statute referred to. *Cooper* v. *Wright*, 110 Tenn. 214, 75 S. W. 1049; *Rowlett* v. *Rowlett*, 116 Tenn. 467, 95 S. W. 821.

In both the *Lucky* and *Jones* cases the disposition of the proceeds of the insurance policies under consideration was effected by operation of the statute and not by the will of the deceased husband. In the *Lucky* case the husband had specifically directed that the insurance should pass under the statutes of the State of Tennessee, and our conclusion was stated as follows:

Under the statutes of Tennessee and decisions referred to, we are of the opinion that the insurance here involved did not at any time become a part of the gross estate of the decedent receivable by the executor within the meaning of section 402 (f) but was receivable by the widow and children, or next of kin, in the same manner as if they had been specifically designated as beneficiaries therein.

In its opinion in the *Jones* case, the court said:

Likewise it is held that the insurance is not an asset of the estate, and while the executor may collect it he merely acts as a conduit to pass it on to the statutory beneficiaries who take a vested interest at the insured's death free from any claims against his estate.

It is thus apparent that it was the accomplishment of the secondary purpose of the statute, namely, the disposition of the proceeds of the insurance policies to the statutory beneficiaries, that resulted in the conclusion that the insurance was receivable in the *Lucky* and *Jones* cases by "other beneficiaries" and not "by the executor" within the meaning of the Federal estate tax statute.

In the instant case the decedent by specific language in his will included the insurance policies in question in the residue of his estate and devised and bequeathed the said residue to the First National Bank of Memphis, as trustee, to hold during the term of and upon the trusts thereinafter set forth. The facts were stipulated and show that the insurance was received by the petitioner as executor and distributed by it in accordance with the terms of the will as a part of the residue of the decedent's estate. While it is true that the decedent's wife and daughter are beneficiaries of the testamentary trust to which the residue of the estate was bequeathed, their interests are limited interests and not the interests they would have received as "statutory beneficiaries." Furthermore, the interests were not received by operation of the Tennessee statute, but through distribution of the decedent's estate under his will. The *Lucky* and *Jones* cases are not in point.

It has been argued, however, that, even though the decedent did dispose of the insurance by will, the provision of the Tennessee Code which exempts life insurance from the claims of creditors is none the less operative and the proceeds of such insurance, not being subject to the debts of the estate, can not be classified as "receivable by the executor" within the meaning of section 302 (g), *supra*, but must fall within the classification of policies receivable by "other beneficiaries." As we have pointed out, it was the accomplishment of the secondary purpose of the Tennessee statute, namely, the disposition of the insurance to the "statutory beneficiaries", which resulted in the conclusion in the *Lucky* and *Jones* cases that the insurance was receivable by "other beneficiaries" and not "by the executor." In the instant case the insurance was in fact received "by the executor" and by it distributed according to the terms of the will to the legatees named therein. In so doing, petitioner was functioning in its capacity as executor, the decedent's representative, and not merely as a conduit for "statutory beneficiaries." We find nothing in the accomplishment of the primary purpose of the Tennessee statute, namely, the exemption of the proceeds of the insurance policies from the claims of creditors, to justify the conclusion that the insurance here under consideration was not "receivable by the executor" within the meaning of section 302 (g), *supra*. *First National Bank & Trust Co. of Minneapolis* v. *United States* (U. S. Dist. Ct., Dist. of Minnesota, 4th Div., May 4, 1939), cited by petitioner, is not in point.

As we read the facts, the trust was not a testamentary trust but had been created prior to the decedent's death. The trust and not the executor was the named beneficiary in the policies and none of the proceeds of the policies came into the hands of the executor for any purpose. Cf. *Marmaduke B. Morton, Administrator*, 23 B. T. A. 236, and *Estate of Waldo Rohnert*, 40 B. T. A. 1319.

The contention of the petitioner is rejected and it becomes unnecessary to consider the broad contention of the respondent that, since the change in the estate tax statute effected by the enactment of section 302 (a) of the Revenue Act of 1926, the conclusion reached in the *Lucky* and *Jones* cases is no longer tenable even in cases indistinguishable as to facts.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL dissents.