Estate of John E. Burrell, Deceased, Arley M. Burrell, Executrix v. Commissioner.
Estate of John E. Burrell v. Commissioner
Docket No. 11886.
United States Tax Court
1948 Tax Ct. Memo LEXIS 222; 7 T.C.M. (CCH) 209; T.C.M. (RIA) 48051; April 6, 1948
F. T. Ritter, C.P.A., 100 E. Ocean Blvd., Long Beach, Calif., for the petitioner. A. J. Hurley, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves estate tax. A deficiency was determined in the amount of $2,199.80, all of which is in controversy. The question presented is whether the Commissioner erred in disallowing a deduction of $10,344.12 from the decedent's gross estate. The major portion of the facts was stipulated. The stipulation is adopted by reference and the facts therein set forth will, so far as necessary to an examination of the issue, be included with facts found from evidence adduced in our - Findings of Fact The petitioner is the Estate of John E. Burrell, *223 deceased, who died July 28, 1943, a resident of California. Arley M. Burrell is the duly appointed executrix. The estate tax return was filed with the collector of internal revenue for the sixth district of California. The decedent, John E. Burrell, and Arley M. Burell were husband and wife, and they resided in the State of California as husband and wife for thirty years prior to decedent's death. The decedent was engaged in the general contracting business throughout his married life, and his income therefrom was community income. All the properties in the estate of decedent and his widow were derived from the earnings of decedent during their marriage. Decedent and his wife, Arley M. Burrell, converted their property into joint tenancy during their marriage, except the portion of their property used in decedent's business. Decedent's gross estate was returned for estate tax purposes as follows (after audit): Stocks and bonds
$ 60.00
Insurance
6,827.25
Jointly-owned property
110,147.87
Other property (property used in de-
cedent's business)
17,100.48
$134,135.60 The foregoing list of property constituted all the property accumulated by decedent and *224 his wife during their married life. The total deductions claimed on the return amounted to $29,395.73 (after audit), and included in addition to debts, funeral and administrative expenses, Federal and state income taxes assessed prior to the death of decedent, as follows: Federal
Federal
California
Income
Income
Income
Taxes
Taxes
Taxes
Year
Year
Year
1941
1942
1942
John E. Burrell,
husband
$166.00
$9,122.54
$1,055.58
Arley M. Burrell,
wife
166.00
9,122.54
1,055.58
The value at the date of decedent's death of property subject to claims was $17,160.48. The decedent and his wife filed separate income tax returns with the Federal government and the State of California on their respective shares of joint and community income for the years 1941, 1942, and 1943. There were no statutory gifts between the decedent and his wife during decedent's lifetime. All the valuations determined by the Commissioner in the estate are correct. The deductions, as determined by the Commissioner, apart from the issue of deductibility, are correct. The estate tax return included among assets of the estate bank accounts held in joint tenancy by *225 the decedent and his wife totaling approximately $40,000. The separate income tax return of the decedent's wife for the year 1942 referred to the income reported as community income and reported a tax of $18,245.06. Her return for the year 1943 showed a tax of $119.36. After the death of the decedent she paid all claims against the estate, and paid a total of $10,344.12 state and Federal income taxes for herself for 1941, 1942, and 1943, the amount being included in payments of $4,561.26 on each of the following dates: March 15, 1943, June 15, 1943, September 15, 1943, and December 15, 1943. The actual net worth of the decedent's estate and the amount determined by the Commissioner was $134,135.60. Claims were filed against the estate in the total amount of $29,395.73. Of that amount, the Commissioner, in determining the net estate, allowed $17,160.48, disallowing $1,891.13 of claims itemized as "Debts other than income taxes", and disallowed $10,344.12, the amount of income taxes of the decedent's wife, Arley M. Burrell. Opinion The question presented here is purely one of law; the parties are not in dispute as to the facts. They agree that the value at the date of decedent's *226 death of property subject to claims was $17,160.48. To that figure the Commissioner, under section 812 (b) (5) of the Internal Revenue Code, limited the allowance of claims deducted. On reply brief, the petitioner agrees with the respondent that the unpaid income tax obligations of Arley M. Burrell are not proper deductions from the gross estate of the decedent. She further agrees that the $1,891.13 of "Debts other than income taxes" above the $17,160.48 was properly disallowed. The only contention made is summarized in the reply brief, that is, that the Court determine that the decedent's wife, the surviving tenant in joint tenancy, made a contribution to the jointly owned property of John E. Burrell and Arley M. Burrell in the sum of $10,344.12, and that the gross estate of the decedent at the time of his death is $123,791.48. In short, the petitioner contends that the estate of the decedent was $10,344.12 less than determined by the Commissioner because of the fact that the wife, although a joint tenant with her husband in the entire estate, contributed $10,344.12 thereto because of having filed separate income tax returns for 1941, 1942, and 1943, and having *227 paid that amount of taxes. The petitioner's argument, in sum, is that when the wife under the direction of her husband filed a separate income tax return reporting one-half of the community income, she incurred a personal liability in behalf of the community, and that a separate property interest was thereby created in her favor and carved out of the community estate; also, that upon the conversion of the California community property, originally earned by the husband, into joint tenancy, she was a contributor to the joint tenancy under section 811 (e) (1) of the Internal Revenue Code. She argues that a trust was impressed upon the joint estate in her favor and for a valuable consideration, by reason of her payment of the taxes. We have examined this theory with interest but we find it tenuous rather than substantial. The husband died after October 22, 1942, and after the amendment of section 811 (e) of the Code to include in the decedent's gross estate the value of property held in joint tenancy - as it is agreed the gross estate here was held. The exception set forth in the statute requires that the surviving joint tenant must have originally owned the *228 property claimed not to be included in the gross estate, and must never have received or acquired it from the decedent for less than an adequate and full consideration. We do not think that the petitioner has shown the situation here involved to be within the exception. The property had been community, earned by the husband. Did the wife, merely by filing separate income tax returns upon half of the joint income and paying the tax thereon, make a contribution in that amount to the joint estate? In our opinion the answer is in the negative. In the case of Estate of Benjamin Franklin McGrew, 46 B.T.A. 623, where the question was, as here, whether a certain amount was includible in a decedent's gross estate, we held that it was, in the absence of a showing that it had been acquired from the decedent for an adequate and full consideration, holding that the fact that the wife had supplied the husband with funds with which to satisfy his creditors did not constitute consideration unless the advances were loans accompanied by a promise that they would be repaid. Quoting Fox v. Rothensies, 115 Fed. (2d) 42, that "Expenditures out of the wife's separate estate made *229 by the husband with her knowledge and consent will not render him liable to account for the same", we came to the conclusion that there was no evidence that the wife expected repayment or that decedent's funds, with which the joint account in question was opened, were given to the wife to liquidate any such promise or constituted an adequate and full consideration. The petitioner's case here seems much weaker than in the cited case, for she simply relies upon separate income tax returns and payment of the tax. Obviously, there is, under the test in the McGrew case, nothing here to indicate a claim for adequate consideration against the decedent's estate. Although she states upon brief that the separate income tax returns were filed under the direction of her husband, no evidence whatever supports that statement. The argument that there was a trust relationship between husband and wife is not, in our view, at all sufficient to establish the proper basis for a contribution to the estate within the intendment of section 811 (e) (1) of the Code. The statute sets a definite test for an exception to the rule that the interest held as joint tenants by the decedent and another is includible *230 in his gross estate, and we find nothing, either by way of trust relationship or legal consideration, to support separate ownership or contribution by the wife of the funds here in question so that they should not be included in the joint estate and therefore within the gross estate of the decedent. We conclude and hold that the gross estate was $134,135.60. It having been agreed that $17,160.48 was the value at the date of the decedent's death of property subject to the payment of claims, the Commissioner properly disallowed the remainder of $29,395.73 claims filed. Decision will be entered for the respondent.